Hon. Louis E. Tarantelli Town Attorney, Catlin
This is in response to your letter requesting an opinion of the Attorney General as to whether or not the Town Board of the Town of Catlin has authority to eliminate one of the offices of Town Justice, who is not a member of the Town Board, where the person elected to that office has declined to act.
New York State Constitution, Article VI, § 17 (d), provides as follows:
 "d. The number of the judges of each of such town, village and city courts and the classification and duties of the judges shall be prescribed by the legislature. The terms, method of selection and method of filling vacancies for the judges of such courts shall be prescribed by the legislature, provided, however, that the justices of town courts shall be chosen by the electors of the town for terms of four years from and including the first day of January next after their election."
Town Law, § 20 (1) (b), reads in part as follows:
 "(b) Except as otherwise provided by law, every town of the second class shall have a supervisor, two justices of the peace, two town councilmen, a town clerk, a town superintendent of highways, three assessors, a collector, and, if there be no town police department, as many constables as the town board may determine necessary. * * * The supervisor, justices of the peace, town councilmen, town clerk, town superintendent of highways, assessors and collector in every such town shall be elected. * * * Provided, however, that in a town having less than three hundred inhabitants according to the latest federal census and having a taxable property valuation of less than one hundred thousand dollars according to the latest assessment roll, there shall be elected one justice of the peace for a term of four years and one assessor for a term of two years, but no town councilman. * * *"
Town Law, § 60-a (2), provides as follows:
 "2. In the event the town board determines that it will be in the best interests of the town, such town board may, by the adoption of a resolution, subject to permissive referendum, reduce the number of councilmen or town justices and provide that the term of such town councilman and town justice first elected shall be for a single one or three year term in order to provide for biennial town elections and their successors shall thereafter be elected for four year terms. In no event shall any town board constitute less than two town councilmen and the supervisor, except as otherwise provided in section sixty of this chapter."
New York State Constitution, Article VI § 17(d), provides that the number of judges of each town shall be prescribed by the State Legislature. The State Legislature, under Town Law, § 20(1)(b), provides that every town of the second class shall have two justices of the peace. However, Town Law, § 60-a (2), grants the town board authority to reduce the number of town justices by adoption of a resolution subject to permissive referendum.
Under your set of facts, the Town Justice in question was elected for a four-year term commencing on January 1, 1978. Upon his failure to take the oath of office, a vacancy was created under Public Officers Law, § 30 (1) (h), which must be filled pursuant to New York State Constitution, Article VIII, § 3, Public Officers Law, § 42(1) and Town Law, § 64(5).
We are therefore of the opinion that from the above matters cited, the Town Board has authority to reduce the number of justices by a resolution of the Board subject to permissive referendum effective at the end of the existing four-year term to which the person involved was elected.